UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ESPOSITO and<br>JOHN J. PETRUCCI, JR., | : <br> : | CIVIL ACTION - LAW |
| Plaintiffs, | : <br> : <br> : | Date Complaint Filed: 3/5/04 |
| - against - | : <br> : | |
| LEONARD GALLI and<br>DANIEL MIMNAUGH, | : <br> : <br> : | JURY TRIAL DEMANDED <br><br> No. 4:04-cv-475 |
| Defendants. | : | Judge Jones |

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT
DANIEL MIMNAUGH'S SECOND MOTION IN LIMINE

Plaintiffs Joseph Esposito and John Petrucci, by their attorney Barry H. Dyller, respectfully submit this brief in opposition to Defendant Daniel Mimnaugh's Second Motion In Limine.

In his second motion in limine, Mimnaugh seeks the exclusion of evidence of defendant Galli's animus toward the plaintiffs. The motion should be denied for two reasons. First, Galli is a party. His animus is certainly relevant with respect to Galli's motivations; it is relevant to show improper purpose for the arrest; it is relevant with respect to punitive damages against Galli.

Second, the evidence is relevant with respect to Mimnaugh. The evidence will show that Mimnaugh and Galli were friends. The evidence will show that Mimnaugh was aware of Galli's animus toward the plaintiffs. The evidence will show that Mimnaugh conducted an investigation and arrest despite lack of probable cause, despite an incomplete investigation, despite the fact that Mr. Petrucci was not even present for the meeting where the action involved (the vote on an $800 loan to an Exeter Borough employee) was taken. The evidence will show that Mimnaugh chose only to charge the two councilmen who Galli held animus toward, and not the other five councilmen. The evidence will show that Mimnaugh did not reveal large amounts of evidence or lack of evidence to the District Attorney's Office during a pre-charge meeting, so that any suggestions by the District Attorney's Office were because that office was without information about which Mimnaugh was aware.

The evidence will permit an inference that Mimnaugh kept Galli apprised of the developments of the matter, including the ultimate arrest and preliminary arraignment of the plaintiffs.

## FACTS RELEVANT TO THE MOTION

Mimnaugh was the arresting officer in this matter. He arrested the plaintiffs, two elected councilmen from Exeter Borough, and charged them with crimes. The criminal charges were dismissed by the district justice for failure to prove a prima facie case.

The evidence will show that the "investigation" of the plaintiffs was initiated by defendant Galli.

Plaintiffs intend to prove, *inter alia*, that Mimnaugh and co-defendant Leonard Galli were friends since they were teenagers, when they went away together, visited each other's houses, and Mimnaugh spent time with Galli's family. Plaintiffs intend to prove that Galli initiated a bogus "investigation," but was instructed not to pursue it. Galli then met his friend Mimnaugh at a local gym and asked Mimnaugh to take over his "investigation."

Mimnaugh testified at deposition that the case was not assigned to him because of the desire for the state police "to look unbiased." Mimnaugh therefore "immediately brought to the table that [he] knew Lenny Galli." Mimnaugh believes that his supervisor, Corporal Schmidt, told him

that he was assigning the matter to someone else other than Mimnaugh because of Mimnaugh's relationship with Leonard Galli.

Remarkably, despite this conscious decision not to assign Mimnaugh to the investigation because of his relationship with Leonard Galli, Mimnaugh immediately went out on interviews with Trooper Swartz, who was putatively in charge of the investigation.  Mimnaugh was present for interviews of at least five persons, including the plaintiffs John Petrucci and Joseph Esposito.

Despite Mimnaugh's recent disavowals of Leonard Galli, during the investigation it was known by the interviewees that Mimnaugh and Galli were friends.

The evidence at trial will show that Galli had extreme animus toward Mr. Esposito and Mr. Petrucci.  Significantly, the evidence will show that Mimnaugh told Mr. Esposito that if Mr. Esposito is not arrested, Galli's head will explode.  The evidence will show that Mimnaugh told Mr. Petrucci that if he is not arrested Galli's head will blow off.

The evidence will further show that Mimnaugh arrested Mr. Esposito and Mr. Petrucci only, despite the fact that five Exeter Borough councilmen

voted to approve the $800 loan in question, and that Mr. Petrucci was not one of those who voted.

The evidence will further show that despite his protestations that he had nothing to do with the investigation or charges once he turned over his file to Mimnaugh, Galli mysteriously knew about and was present at the unannounced preliminary arraignment of Mr. Esposito and Mr. Petrucci. An inference can certainly be made that Galli was kept apprised of the situation, and was present to witness the plaintiffs' humiliation during their arrest. The evidence will show that Galli smirked at the plaintiffs during this process.

## ARGUMENT

Evidence of defendant Galli's animus toward the plaintiffs is clearly relevant. Not only is it relevant regarding Galli himself, it also helps to explain Mimnaugh's inexplicable actions toward the plaintiffs.

After not being assigned to the matter due to his relationship with Galli, Mimnaugh somehow became active in the investigation. He became the arresting officer.

Mimnaugh investigated and charged only two of seven councilmen, including one who was not even present at the meeting where the $800 loan was approved.

Mimnaugh went to the District Attorney's Office, but declined to reveal huge amounts of information to the District Attorney and Assistant District Attorney involved.

Mimnaugh charged the plaintiffs with crimes without probable cause.

Mimnaugh knew that Galli's "head would explode" if these particular defendants were not arrested.

Galli mysteriously was present at the unannounced preliminary arraignment for Mr. Petrucci and Mr. Esposito.  Obviously, he was informed of the matter by someone.  Given the other facts, an inference can be made that Mimnaugh is the one who tipped Galli off to this preliminary arraignment and the embarrassment that would ensue to Galli's foes.

Certainly, an inference can be drawn that Mimnaugh acted as he did because of the influence of his relationship with Galli, which he and his supervisor recognized immediately to be a conflict of interest.

Mimnaugh argues that there is likelihood of confusion of the jury if the evidence of Galli's animus is admitted.  We respectfully disagree.  We

6

believe a jury is more than capable of distinguishing between Mimnaugh and Galli, and of making or declining to make inferences suggested by the evidence and by counsel.  Certainly, Mimnaugh's counsel is capable of making the distinction and conveying that distinction to the jury about what evidence concerns Mimnaugh and what evidence concerns Galli.

Frankly, were the evidence excluded, it would make the other evidence harder to understand.  While motivation is not always a technical necessity to prove elements of a claim, it is important for the jury to understand all of the evidence in context.  Without appropriate context – including Galli's animus toward the plaintiffs and Galli's and Mimnaugh's relationship – the other evidence will be more difficult to decipher.

We respectfully submit that the evidence is relevant and proper. Further, there will be no undue prejudice if the evidence of Galli's animus toward the plaintiffs is admitted.

## CONCLUSION

We respectfully request that the Defendant Daniel Mimnaugh's Second Motion In Limine be denied.

                                        DYLLER LAW FIRM

                                        s/ Barry H. Dyller

                                        Attorney for Plaintiffs
                                        Gettysburg House
                                        88 North Franklin Street
                                        Wilkes-Barre, PA  18701
                                        (570) 829-4860