IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH ESPOSITO and JOHN J. :
PETRUCCI, JR., :
 :
Plaintiffs, : Case No. 4:04-CV-475
 :
v. : (Judge Jones)
 :
DANIEL MIMNAUGH, :
 :
Defendant. :

## ORDER

February 27, 2007

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before this Court are three (3) Motions in Limine ("Motions") filed by Defendant Daniel Mimnaugh ("Defendant" or "Mimnaugh"). Defendant's first two Motions were filed on January 30, 2007. (Rec. Docs. 130, 132). Defendant's third Motion was filed on January 31, 2007. (Rec. Doc. 139). For the reasons that follow, Defendant's Motions will be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

The factual background and procedural history of this case has been thoroughly set forth in prior orders and is well known to the parties. The following brief recitation of that history is sufficient for the purpose of reviewing the pending

1

Motion.

Motion.

Plaintiffs, Joseph Esposito ("Esposito") and John J. Petrucci, Jr. ("Petrucci") (together, "Plaintiffs") initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") in the United States District Court for the Middle District of Pennsylvania on March 5, 2004. On December 6, 2005, after the close of discovery, Plaintiffs filed a Stipulation for the Voluntary Dismissal of Defendant David J. Swartz. (Rec. Doc. 63).

Following our August 9, 2006 Order on the Motions for Summary Judgment filed by Defendant Daniel Mimnaugh ("Mimnaugh") and Defendant Leonard Galli ("Galli"), the following claims against aforesaid Defendants remained: Plaintiffs' First Amendment retaliation claims, § 1983 conspiracy claims, and state law malicious prosecution claims. (Rec. Doc. 110 at 36-37). In same Order, we afforded Defendants the opportunity to file subsequent Motions for Summary Judgment to Plaintiffs' Equal Protection claims, and they have not done so. Accordingly, those claims remained as well.

By way of letter dated February 16, 2007, Plaintiffs' counsel informed the Court that a settlement was reached with Defendant Galli. (Rec. Doc. 157).

Accordingly, Mimnaugh is the only remaining Defendant in this case.[1]

Mimnaugh filed the instant Motions on January 30, 2007, and January 31, 2007. (Rec. Docs. 130, 132, 139). His Reply Briefs for such Motions were due February 26, 2007, and none have been filed. Moreover, Defendant's counsel has informed the Court that she does not intend to file Reply Briefs.[2] The Motions are therefore ripe for disposition.

## DISCUSSION:

All three of Mimnaugh's Motions in Limine argue that the information he seeks to preclude is inadmissible because either it is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence, or, in the alternative, it fails the weighing analysis required by Rule 403. As the body of law surrounding relevance generally is well-known to the Court and the parties, we consider the parties' arguments with regard to the application thereof in turn.

---

[1] All three of Mimnaugh's Briefs in Support of the instant Motions, filed prior to the settlement between Plaintiffs and Galli, indicate that counsel agreed that the state law claims would proceed against Galli only. (Rec. Docs. 131 at 1 n.1; 133 at 1 n.1; 140 at 1 n.1). Inasmuch as Galli is no longer a party to this case, it would appear that the state law claims are no longer at issue. However, we saw no acknowledgment of such an agreement in Plaintiffs' opposing briefs. Accordingly, and because said agreement would not bear on our disposition of the instant Motions, we take no action on this assertion here.

[2] As noted above, Galli was dismissed as a party to this suit after the instant Motions and supporting briefs were filed, but prior to the Reply Briefs' due date. Without making any suggestion as to the implications thereof, we note that Mimnaugh has elected not to file Reply Briefs. Accordingly, we assume that Galli's dismissal does not impact the analysis of the instant Motions.

### A. Mimnaugh's First Motion in Limine (doc. 130)

In his first Motion and Brief in Support thereof, Mimnaugh argues that Plaintiffs should be precluded from presenting evidence or argument that Mimnaugh's relationship with Galli rendered his participation in the criminal investigation, and prosecution, of Plaintiffs, arising out of a loan that the Exeter Borough Counsel made, a "conflict of interest." Mimnaugh argues that any such reference is irrelevant because "[a]ny alleged conflict of interest on the part of Defendant Mimnaugh does not assist the jury in determining whether or not the plaintiffs' constitutional rights were violated." (Rec. Doc. 131 at 10). In the alternative, Mimnaugh argues that any reference to an alleged "conflict of interest" is unfairly prejudicial and may confuse or mislead the jury. In this vein, Mimnaugh notes that Plaintiffs have not, and can not, present any evidence that Mimnaugh's actions violate any conflict of interest rules or duties he held as a Pennsylvania State Trooper.

Plaintiffs counters by arguing that information concerning a potential "conflict of interest" stemming out of Galli and Mimnaugh's relationship, and the impact it may have had on Mimnaugh's investigation into Plaintiffs, is relevant because it helps the jury understand the factual circumstances that led to the instant action. (Rec. Doc. 145). Specifically, Plaintiffs argue that the jury needs to

understand the motivations that led to Mimnaugh's actions. Plaintiffs note that such context is needed to explain why charges were brought against Plaintiffs, one of whom allegedly did not vote on the loan, and not against the three other council members who voted in favor of the loan. Plaintiffs further support their arguments by noting that even Mimnaugh and his supervisor recognized the potential problems associated with him working on the case, and accordingly, initially assigned it to another Trooper.

We find Plaintiffs' arguments persuasive. First, evidence of any potential conflict of interest that may have arisen as a result of Mimnaugh investigating a case that his alleged good friend Galli gave him, has a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable . . . ." FED. R. EV. 401. Indeed, Mimnaugh's motivation, and its impact on his investigation and prosecution of Plaintiffs, directly bears on Plaintiffs' First Amendment retaliation claims, as well as their § 1983 conspiracy claims. Second, as Plaintiffs point out, the context that this information about such a "conflict of interest" provides to jurors renders it very probative, and it is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." FED. R. EV. 403. Moreover, Mimnaugh's concerns that such "conflict of interest" language is somehow inflammatory or

may cause the jury to make an inaccurate inference can be assuaged by a thorough direct and/or redirect examination of Mimnaugh. Accordingly, we will deny Mimnaugh's first Motion.

**B.     Mimnaugh's Second Motion in Limine (doc. 132)**

In his second Motion and Brief in Support thereof, Mimnaugh argues that Galli's feelings toward Plaintiffs are inadmissible.[3] Mimnaugh first argues that such evidence is irrelevant because "Officer Galli's animosity towards the plaintiffs does not assist the jury in determining whether or not the plaintiffs' constitutional rights were violated." (Rec. Doc. 133 at 7). In the alternative, Mimnaugh argues that Galli's feelings towards Plaintiffs fail the requisite Rule 403 weighing analysis because "there is a significant probability that the jury will improperly impute Officer Galli's animosity to Trooper Mimnaugh." (Rec. Doc. 133 at 8).

In response, Plaintiffs again argue that Galli's feelings toward Plaintiffs are relevant because they provide context for the circumstances that led to the filing of the instant action. Initially, Plaintiffs argue that Galli's feelings toward Plaintiffs

---

[3] As noted above, Galli is no longer a party to this case. Accordingly, evidentiary rules governing the admission of hearsay would appear to require that any expression of Galli's feelings toward Plaintiffs emanate from Galli himself. At this juncture, we cannot know whether Galli will be called to testify in this matter. If he is not, all of our analysis regarding this issue will likely be rendered moot.

are relevant with respect to Mimnaugh because Mimnaugh and Galli's friendship caused Mimnaugh to know of Galli's feelings, and those feelings may have colored Mimnaugh's actions throughout his investigation and prosecution of Plaintiffs. (Rec. Doc. 154). Further, Plaintiffs argue that Mimnaugh knew Galli's "head would explode" if Plaintiffs were not arrested. Plaintiffs also argue that admitting this evidence will not confuse a jury because it "is more than capable of distinguishing between Mimnaugh and Galli, and of making or declining to make inferences suggested by the evidence and by counsel." (Rec. Doc. 154 at 7). Finally, Plaintiffs argue that excluding this evidence "would make the other evidence harder to understand." (Rec. Doc. 154 at 7).

We begin by noting that we question Mimnaugh's standing to seek exclusion of Galli's feelings toward Plaintiffs. However, even assuming arguendo that Mimnaugh has standing, we agree with Plaintiffs' analysis as to the relevance of Galli's feelings about Plaintiffs. First, Galli's feelings toward Plaintiffs and Mimnaugh's alleged knowledge thereof have a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable . . . ." FED. R. EV. 401. Mimnaugh's knowledge of Galli's feelings very well could have impacted his investigation and prosecution of Plaintiffs. Indeed, the Pennsylvania State Police's original plan, that Mimnaugh not be assigned the

investigation into Plaintiffs, confirms the State Police's own concern that information that Mimnaugh received from Galli could affect, or at least appear to affect, the investigation, and, hence, the case was assigned to a Trooper other than Mimnaugh. Thus, Galli's feelings toward Plaintiffs and Mimnaugh's knowledge thereof are relevant to at least Plaintiffs' First Amendment retaliation claims, as well as their § 1983 conspiracy claims.

Second, as Plaintiffs point out, Galli's feelings, and the effects thereof on the State Police's investigation, are highly probative. Accordingly, their probative value is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FED. R. EV. 403. We are confident that the jury will be able to properly distinguish Galli's feelings toward Plaintiffs from Mimnaugh's. Accordingly, we will deny Mimnaugh's second Motion.

### C.   Mimnaugh's Third Motion in Limine (doc. 139)

In his third Motion and Brief in Support thereof, Mimnaugh argues that evidence that Galli and Mimnaugh were "acquainted in their youth" is inadmissible. (Rec. Doc. 139 at 1). Mimnaugh first argues that such evidence is irrelevant because "[e]vidence of Trooper Mimnaugh and Officer Gaill's acquaintance in their youth does not assist the jury in determining whether or not the plaintiffs' constitutional rights were violated." (Rec. Doc. 140 at 7). In the

alternative, Mimnaugh argues that admission of evidence about Galli and his relationship fails the weighing analysis required by Rule 403 because such evidence would be unfairly prejudicial to Mimnaugh and would mislead the jury. (Rec. Doc. 140 at 8).

In response, Plaintiffs accurately argue that Galli and Mimnaugh's relationship has a significant "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable . . . ." FED. R. EV. 401. Specifically, the existence of a friendship between these two law enforcement officers bears on whether they participated in a conspiracy to violate Plaintiffs' constitutional rights, one of the claims that remains in this action. (Rec. Doc. 155). Thus, contrary to Mimnaugh's assertions in his supporting briefs to each of the three Motions, the evidence that Mimnaugh seeks to exclude does, indeed, "assist the jury in determining whether or not the plaintiffs' constitutional rights were violated." (Rec. Docs. 131 at 10, 133 at 7, 140 at 7).

Finally, we agree with Plaintiffs' conclusion that the admission of evidence relating Galli and Mimnaugh's relationship passes Rule 403's weighing test. Indeed, "how can one prove conspiracy if the relationship between the co-conspirators is removed from the case?" (Rec. Doc. 155 at 7). Thus, the probative value of this information far outweighs the danger that its admission would be

unfairly prejudicial and confusing to the jury, particularly because we have faith in the jury's ability to reason and Mimnaugh's counsel can elicit testimony and argue as necessary to prevent the jury from being confused by this highly probative evidence.

**NOW, THEREFORE, THE FOLLOWING ORDER IS ENTERED:**

1. All three of Mimnaugh's Motions in Limine (docs. 130, 132, 139) are **DENIED**.

                                                John E. Jones III
                                                United States District Judge